UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Kariem Haaland,                                Case No. 13-1876 (JNE/FLN)

           Plaintiff,

    v.                                          **REPORT AND**
                                                **RECOMMENDATION**

Patrick Donahoe,
United States Postmaster,

           Defendant.

___

Michelle Neumann and Caitlin Grom for Plaintiff.
David Fuller, Assistant United States Attorney, for Defendant.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 4, 2014 on Defendant's motion to dismiss (ECF No. 16). Pursuant to this Court's previous Order, an evidentiary hearing was held on July 14, 2014 to resolve factual disputes at issue in this case. *See* Order, ECF No. 39. For the reasons discussed below, the Court concludes that the Government's motion to dismiss should be **DENIED**.

**I. BACKGROUND**

After years of alleged discrimination based on national origin, Haaland brought this suit against Donahoe, the Postmaster general, on two counts: (1) retaliation under Title VII and (2) harassment. Compl. 4, ECF No. 1. In short, Haaland alleges that he did not receive a promotion for which he is qualified because his supervisor refused to properly consider his candidacy. *Id.* at 5. The Government moves to dismiss Haaland's complaint under Rule 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under 12(b)(6) for failure to state a claim. Proceeding under Rule

(12)(b)(1), the Court ordered an evidentiary hearing to resolve the factual dispute about whether Haaland timely filed his complaint.

Title VII provides that a plaintiff may bring a civil action in the appropriate U.S. District Court "[w]ithin 90 days of *receipt of notice* of final action taken by a[n] . . . agency." 42 U.S.C. § 2000e-16(c) (emphasis added). The parties dispute the date that Haaland received the Equal Employment Opportunity Commission's Notice of Final Action (the "Final Notice"). *See* ECF No. 1-1 at 2. The Government points to a delivery confirmation that indicates the letter arrived at the Montrose Post Office, where Haaland has a P.O. Box, on April 1, 2013. Def's Mem. Mot. Dismiss at 6, ECF No. 17. Haaland maintains that he did not receive the Final Notice until April 19, 2013. Pl.'s Opp'n Mem. to Def.'s Mot. to Dismiss at 5, ECF No 35. Haaland filed his complaint on July 12, 2013. Compl., ECF No. 1. Thus, if April 1 is deemed the Final Notice receipt date, then Haaland's Complaint was filed 11 days late. On the other hand, if April 19 is deemed the Final Notice receipt date, his complaint was timely filed six days prior to the 90-day statutory deadline.

## II. EVIDENTIARY HEARING TESTIMONY

### A.   Testimony of Anthony Frolik.

At the hearing, U.S. Postal employee Anthony Frolik testified on behalf of the Government. Frolik serves as an Operations Program Specialist for the Northland District, which covers Minnesota and Western Wisconsin. Draft Tr. 4. Frolik testified about his previously submitted sworn declaration, which describes the Postal Service's Track and Confirm system. *See* ECF No. 40. Frolik's declaration details the procedure whereby a bar code is printed on the shipping label of items delivered by the U.S. Postal Service. *Id.* The bar coded labels are scanned at various points in the delivery process, including upon "arrival" to a local post office and "delivery" to a recipient's

2

P.O. Box. *Id.* The Track and Confirm record for the Final Notice sent to Haaland shows a delivery date of April 1, 2013. Gov.'s Ex. 2. Frolik also stated that he found the system to be "generally reliable." Draft Tr. at 6. Frolik acknowledged that mis-deliveries "could conceivably happen" but that to the best of his knowledge, "once we scan a piece delivered that is addressed to a P.O. box, we place it in the box. We do not set it aside and keep it within our possession." *Id.* at 10.

On cross-examination, Frolik acknowledged that the Track and Confirm system does not require the recipient's signature, and that there is no way to know when a postal employee places a piece of mail in a designated mail box. *Id.* at 13. Frolik also testified that it is possible that a Postal employee could place mail in the wrong P.O. Box. *Id.* at 14. The Postal Service has no electronic system to track mis-deliveries. If and when mis-delivered mail is returned to the post office, the postal employee is expected to record the mis-delivery in the log book. *Id.* 15-16.

### B. Testimony from Plaintiff David Kariem Haaland.

Haaland testified that he has used a post office box at the Montrose Post Office for more than 20 years. *Id.* at 21. Haaland checks his P.O. Box six days per week, everyday except Sunday. *Id.* Haaland testified that he received the Final Notice on April 19, 2013. *Id.* at 23. Upon receipt of the notice, Haaland wrote April 19 on the envelope but then—unaware that the date of receipt might be important—Haaland later threw away that envelope. *Id.* at 24.

Haaland also testified that he frequently had trouble with timely delivery of mail to his P.O. Box. *Id.* at 26. He testified that mail addressed to him has been delivered to other P.O. Box numbers and that he often receives mail in his P.O. Box that is addressed to others. *Id.* at 26-29. In support of this claim, Haaland submitted a photo copy of an envelope of a piece of mail that was delivered to him on June 20, 2014, but is addressed to "Retailer 105973/THE UGLY BAR/PO BOX 276."

3

Pl's. Ex. 2. Haaland noted that his P.O. Box number is 275, a one digit difference. Draft Tr. 27. Haaland also described the previous mis-delivery of a piece of mail that he was expecting. Because he knew the package should arrive on a certain date, Haaland had reason to track the package and inquire with the Montrose postal workers about its whereabouts. *Id.* at 29. That package was delayed, but eventually it was delivered to Haaland. *Id.* Haaland testified that he had no way of knowing when the Final Notice was sent, and therefore, no reason or basis on which to inquire about its arrival or whereabouts. *Id.* at 31.

### III. STANDARD OF REVIEW

As explained in this Court's previous Order (ECF No. 39), "[i]t is not clear in our circuit whether the statute of limitations contained in § 2000e-16(c) in a government-defendant case is jurisdictional." *Frazier v. Vilsack*, 419 F. App'x 686, 688 (8th Cir. 2011).[2] However, under Rule 12(b)(1), the Court may dismiss an action for lack of subject matter jurisdiction on three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008). As confirmed by *Fraizer*, when disputed facts regarding the statute of limitations are at issue on a 12(b)(1) motion, it is proper for the Court to hold an evidentiary hearing. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008); *see also Fraiser*, 419 F. App'x at 689 (noting that the district court "properly considered the evidence presented by the parties.").

---

[2] There is Eighth Circuit precedent that suggests the statute of limitations, at least in the context of Federal Tort Claims Act (FTCA) cases, is a jurisdictional prerequisite. *See T.L. v. United States* 443 F.3d 956, 960-61 (8th Cir. 2006) ("[t]here is no inconsistency between viewing compliance with the statute of limitations as a jurisdictional prerequisite and applying the rule of equitable tolling.").

## IV. ANALYSIS

"[R]eceipt of notice," as used in 42 U.S.C. § 2000e-16(c), is not explicitly defined by statute. Lex K. Larson, *Larson on Employment Discrimination* § 74.04 (Matthew Bender & Company, Inc., 2013); *see also McConnell v. Derwinski*, 1991 U.S. Dist. LEXIS 3826, 1 (D. Minn. Mar. 19, 1991) ("While reluctant to accept all forms of constructive notice in the context of a remedial statute, courts have been equally unwilling to impose an absolute requirement of actual notice."). The Eighth Circuit has held that notice is sufficient if "a registered or certified letter, or other written notice requiring the recipient to acknowledge receipt therefor, is sent to the employee and the employee personally acknowledges the receipt." *Craig v. Department of Health, Educ. & Welfare*, 581 F.2d 189, 193 (8th Cir. 1978).

When the exact delivery date is unknown, courts often apply a three to five day presumption of receipt. *See Williams v. Postal Serv. (United States)*, 2013 U.S. Dist. LEXIS 166412, *2 (E.D. Ark. Nov. 22, 2013) (citing *Frazier v. Vilsack*, 419 F. App'x 686, 688 (8th Cir. 2011)) (noting that the District Court applied a "generous five-day presumption of mailing time.") "It is well-established that evidence of proper mailing raises a rebuttable presumption of delivery." *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 476 (7th Cir. 2009).

In this case, Haaland's testimony is sufficient to rebut the presumption of the Track and Confirm's August 1, 2013 delivery date. Haaland testified that he has experienced frequent errors with the delivery of mail at the Montrose Post Office. Draft Tr. at 26. In support of this testimony, Haaland submitted a copy of an envelope that was addressed to one of the P.O. Boxes next to his, but delivered to his box. *Id.*, Pl.'s Ex. 2. Such evidence of mis-delivered mail supports the common-sense conclusion that human errors are likely to occur in the mail delivery process to small P.O.

Boxes that are stacked on top of one another and filled from the back. Further, Haaland testified that he checks his P.O. Box six days per week and that he also distinctly remembers writing April 19 on the envelope when he received the Final Notice letter. Draft Tr. at 21. These facts are sufficient to rebut the Government's Track and Confirm record indicating an April 1, 2013 delivery. In sum, the Track and Confirm record is not an adequate basis on which the Court can conclude that Haaland is lying about when he received the Final Notice.[3]

## V. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Government's motion to dismiss (ECF No. 16) be **DENIED**.

DATED: July 18, 2014                                        *s/Franklin L. Noel*
                                                            FRANKLIN L. NOEL
                                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 1, 2014**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the

---

[3] At the evidentiary hearing, the Government argued that the *Fraiser* case dealt with similar facts and supports the conclusion that Haaland's complaint was untimely filed. *Frazier v. Vilsack*, 2010 U.S. Dist. LEXIS 125, *4 (W.D. Mo. Jan. 4, 2010) However, the facts of this case are clearly distinguishable from those in *Fraiser*. For example, Fraiser testified that he could not remember exactly when he received the letter, that he could not remember when he opened the letter and that he often does not open his mail promptly upon receiving it. *Id.*, aff'd by *Frazier v. Vilsack*, 419 F. App'x 686, 688 (8th Cir. 2011).

rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 1, 2014** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.